IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
AUSTIN WAYNE BYRD,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    1:23CV600
                                )
STATE OF GEORGIA,               )
                                )
          Defendant.            )
```

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must
(continued...)

## BACKGROUND

Asserting claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973 (see Docket Entry 2 at 3),[2] Plaintiff initiated this action against the State of Georgia (the "Defendant") (id. at 2). According to the Complaint, since 2011, Defendant has violated Plaintiff's rights as, due to his criminal charges, it "did not allow [Plaintiff] to associate with [his] grandmother, assemble with [his] family, petition the government in the right area[;] denied [him the] right to be with [his] family[;] and other things." (Id. at 7.)[3] The Complaint requests relief in the form of, inter alia, compensation in the amount of "$10,000,000

---

[1](...continued)
be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

[3] For legibility reasons, this Opinion omits all-cap font in all quotations from Plaintiff's materials.

for monetary damages to cover all injuries," various "laws [to be] changed" or "to be considered unconstitutional," and "anything the court deems appropriate."  (Id. at 15-17.)

**DISCUSSION**

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").  Although Plaintiff has alleged certain federal constitutional and statutory violations, limitations on the scope of Section 1983 relief and the lack of personal jurisdiction over Defendant require dismissal of this action.

**I. Section 1983 Issues**

To begin, the Complaint names a State as the sole defendant. (Docket Entry 2 at 2.)  However, Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), because a State does not qualify "a[s a] 'person[]' under § 1983," id. at 71; see also Savage v. North Carolina Dep't of Corr., No. 5:06cv171, 2007 WL

4

2904182, at *5 (E.D.N.C. Sept. 29, 2007) ("[Under Section 1983,] neither the state nor a state agency is deemed a 'person.'"). Thus, Plaintiff cannot bring a Section 1983 claim against Defendant and the Court should dismiss all claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Personal Jurisdiction Issues

Further, Plaintiff's claims independently fail because this Court lacks personal jurisdiction over Defendant. "For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied." Bradley v. General Couns., No. 3:07cv112, 2008 WL 713921, at *5 (N.D. W. Va. Mar. 14, 2008), aff'd, 280 F. App'x 251 (4th Cir. 2008). "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with [f]ourteenth[-a]mendment due process requirements." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The North Carolina long-arm statute provides, inter alia, for jurisdiction over any validly served defendant who "is engaged in substantial activity within [North Carolina]," N.C. Gen. Stat. § 1-75.4(1)d, or whose "act or omission" in North Carolina gives rise to an "injury to [a] person," N.C. Gen. Stat. § 1-75.4(3). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent

5

permitted by the Due Process Clause." Nolan, 259 F.3d at 215. Thus, the jurisdictional requirements collapse into a single inquiry as to whether Defendant had such "minimal contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

In analyzing minimum contacts, the Court looks at the degree to which a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific." Alvarado v. County of Tulare, No. 3.17cv40, 2017 WL 3129821, at *2 (W.D. Va. July 21, 2017). General personal jurisdiction "requires continuous and systematic contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred." CFA Inst. v. Institute of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009) (internal quotation marks omitted). "Specific personal jurisdiction, on the other hand, requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Id.

6

"[I]t is apparent from the face of the [C]omplaint that this [C]ourt does not have personal jurisdiction over [D]efendant[]." Alvarado, 2017 WL 3129821, at *1. In particular, "[t]he [C]omplaint makes clear that [Plaintiff's] claims are based on acts or omissions that occurred in the State of [Georgia]. None of the acts or omissions [are] alleged to have occurred in [North Carolina]," id., and, "[i]n addition, there are no allegations suggesting that [Defendant] . . . ha[s] any connection to [North Carolina]," id. (See Docket Entry 2 at 8-13.)[4]

As a result, the Complaint does not establish the constitutionally required minimum contacts between Defendant and North Carolina to support this Court's exercise of personal jurisdiction over Defendant. See Alvarado, 2017 WL 3129821, at *2; see also Young v. State Gov't of Okla., No. CV 02-1577, 2003 WL 27385033, at *3-4 (D.N.M. July 9, 2003) (concluding that the plaintiff's attempt to sue non-forum state could not proceed due to lack of personal jurisdiction). "Because it is apparent from the face of the [C]omplaint that personal jurisdiction is lacking and there is no reason to believe that [D]efendant would waive this basis for dismissal, the [C]ourt [also could] . . . dismiss the case without prejudice [on that basis]." Alvarado, 2017 WL 3129821, at *2; see also Greer v. Safeway, 317 F. App'x 838, 840

---

[4] In this regard, the Complaint alleges only that Defendant failed to allow Plaintiff to live in North Carolina during his Georgia probation. (See id.)

7

n.2 (10th Cir. 2009) ("[Courts] have read § 1915(e)(2) to authorize a district court's sua sponte dismissal of claims for lack of personal jurisdiction."); Alvarado, 2017 WL 3129821, at *1 n.1 ("[T]he United States Court of Appeals for the Fourth Circuit [has] explained that the screening authority afforded to courts in actions filed in forma pauperis differentiates such actions from ordinary civil suits and justifies an exception to the general rule that an affirmative defense should not be considered sua sponte." (underscoring omitted)).

Therefore, the Court should also dismiss all claims against Defendant for lack of personal jurisdiction.

## CONCLUSION

The Complaint fails to state a claim and also fails to establish sufficient minimum contacts for this Court's exercise of personal jurisdiction over Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim and lack of personal jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 31, 2024